Argued March 17, decided April 12, 1910.

## STATE v. THOMAS.

[108 Pac. 135.]

CRIMINAL LAW—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.

A statement, in an instruction defining reasonable doubt, that. the jury is not entitled to resolve itself into "doubting Thomases," who refuse to be convinced by any testimony, merely called the jury's attention to the fact that, though the character of the house charged to be a house of ill fame and the right to its possession depended upon general reputation, such evidence, if believed beyond a reasonable doubt, was sufficient to establish those facts, and was not error.

From Marion: GEORGE H. BURNETT, Judge.

The defendant, Emma Thomas, was tried and convicter of keeping a house of ill fame, and from the judgment and sentence following, she appeals.

For appellant there was a brief over the names of Mr. John A. Carson, Mr. Thomas Brown, Mr. William M. Kaiser and Mr. Myron E. Pogue, with oral arguments by Mr. Carson and Mr. Kaiser.

For the State there was a brief over the names of Mr. Andrew M. Crawford, Attorney General; Mr. John H. McNary, District Attorney, and Mr. Walter C. Winslow, Deputy District Attorney, with an oral argument by Mr. Winslow.

Opinion by MR. CHIEF JUSTICE MOORE.

The defendant, Emma Thomas, was convicted of the crime of keeping and setting up, for the purpose of prostitution, fornication, and lewdness, a house of ill fame, to the possession of which, it is alleged in the indictment, she is entitled, and she appeals. The court, after giving the ordinary definition of a reasonable doubt, said: "The jury is not entitled to resolve itself into 'doubting Thomases,' who refuse to be convinced by any testimony." An exception having been taken to the language so used, it is contended by defendant's counsel that an error was committed in giving such part of the charge. As the disciple

to whom reference is thus made denied the reports of his associates, and asserted he would not believe their statements, unless, by his own senses, he was convinced as to the truth of their declarations, the court undoubtedly meant by the illustration given, to call the attention of the jury to the fact that, though the character of the house and the right to its possession depended upon evidence of common fame, such general reputation, if believed beyond a reasonable doubt, was sufficient to establish the averments of the indictment.

The explanation thus given was, in view of the kind of proof produced, a good exemplification of the law applicable to the facts, and tended to elucidate the definition of a reasonable doubt.   No error was committed as alleged; and hence the judgment is affirmed.

AFFIRMED.